## In re LAZARUS.

District Court, N. D. Georgia. February 17, 1928.

### No. 2173.

Citizens ⊜⇒9—Resumption of citizenship by mother, divorced from alien, held to effect naturalization of minor child (Act March 2, 1907, § 5 [Comp. St. § 3962]).

Under Act March 2, 1907, § 5 (Comp. St. § 3962), resumption of citizenship, through process of naturalization, of American woman who married an alien and resided in Germany, but was divorced and returned to the United States with a minor daughter, awarded to her custody, *held* to effect naturalization of the daughter; Rev. St. § 1993 (8 USCA § 6), being inapplicable.

Naturalization. Petition of Mrs. Bessie Adler Lazarus for naturalization. On question of status of minor daughter of petitioner. Decree in accordance with opinion.

Welborn B. Cody, of Atlanta, Ga., for petitioner.

Worthington Blackman, of Birmingham, Ala., for Naturalization Department.

SIBLEY, District Judge. Mrs. Bessie Adler Lazarus, a native of the United States, married a subject of the emperor of Germany prior to 1907, and to them were born, in Germany, two children, one of them, Lillian, still a minor of 20 years. In 1926 she obtained, in Germany, a total divorce from her husband, and was awarded custody of the minor daughter. She brought the daughter to the United States, the father remaining in Germany. Mrs. Lazarus is about to be naturalized under the Act of September 22, 1922 (42 Stat. 1021). The question is whether her certificate should include the minor daughter, Lillian, as a citizen of the United States.

Though many civil rights and obligations grow out of it, citizenship in itself is a political relation between an individual and a government. The origin and nature of citizenship were elaborately examined by the Supreme Court in the case of United States v. Wong Kim Ark, 169 U. S. 649, 18 S. Ct. 456, 42 L. Ed. 890. Three propositions pertinent to the present question are established therein:

(1) The original and natural citizenship of a child depends on the jurisdiction into which it is born, and not at all on the citizenship of its parents. To the rule thus stated the special cases of children of ambassadors born abroad, children born on the high seas, or on a foreign public ship in harbor,

or born to enemy parents temporarily occupying conquered territory, are really not exceptions, but illustrate the rule.

(2) An additional citizenship may arise under the laws of another country upon conditions fixed by such laws.

(3) While the government of such other country can extend the privileges of its citizenship to whomsoever it will, it can relieve from the obligations of the original citizenship only when the would-be citizen actually comes within its territorial jurisdiction.

On this background of general law our present naturalization statutes are sketched. Miss Lazarus was born in Germany and into the jurisdiction of the German Empire. She was by consequence a German subject by birth. To enjoy American citizenship it must be extended to her by some law of the United States. R. S. § 1993 (8 USCA § 6), relating to foreign-born children of American fathers, has no application, for her father was not an American citizen. She might, being over 18 years of age, pursue the regular long course of naturalization, as any one else; but she claims a short cut by reason of her mother's status. Mrs. Lazarus lost her American citizenship by marrying a German. Section 3 of the Act of March 2, 1907 (Comp. St. § 3960), provided that, when an American woman lost her citizenship by marriage to a foreigner, she might "after the termination of the marital relation *resume*" her citizenship, if abroad, by simply returning to the United States. Section 5 (Comp. St. § 3962) thereupon provided "that a child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of * * * citizenship by the parent: Provided that such naturalization or resumption takes place during the minority of such child; and provided further, that the citizenship of such minor child shall begin at the time such minor child begins to reside permanently in the United States."

Total divorce, equally with the husband's death, terminates the marital relation. Therefore Mrs. Lazarus, under this law, could have "resumed" her American citizenship simply by returning here. Section 5 used the word "parent" in the singular number. The term may refer either to a father or a mother. But only a mother could "resume" citizenship under the act; a father having always to be naturalized. Therefore the "parent resuming American citizenship" clearly means the mother, widowed or totally divorced. If such widow have minor children residing in the United States, the children are to be deemed citizens also. A totally divorced woman, who has been awarded the custody of minor children, is in the same case, and such children are also included in the provision of section 5. Section 3 of the act was repealed by Act Sept. 22d, 1922, § 7 (8 USCA § 9), and Mrs. Lazarus must now be naturalized in order to resume her citizenship; but section 5 was not repealed, amended, or substituted by anything in the act of 1922. Mrs. Lazarus is resuming her American citizenship by a process of naturalization, instead of by the simple methods of the former law. Her minor child is within section 5, and should be included in her certificate.

No opinion is expressed as to the operation of section 5 on the children, where one, but not both, of two resident undivorced parents is naturalized under the present laws. An alien husband, who has never been within the country, though undivorced, has been ignored as such in connections other than naturalization. See C. J. 717, and cases cited.